IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JENNIFER JONES and OMAR JONES, )
each individually and each on behalf of )
TYSAI JONES, a minor child, )
)
    Plaintiffs, ) No. 3:09-0986
) JUDGE HAYNES
v. )
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

# MEMORANDUM

Plaintiffs, Jennifer and Omar Jones, individually, and on behalf of Tysai Jones, a minor, New Jersey citizens, filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), against the Defendant, the United States of America, for medical negligence in its failure to diagnose and treat Jennifer Jones and her unborn child, Tysai, in a timely manner.

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 37), contending that Plaintiffs' claims are barred by Tennessee's three-year statute of repose for medical malpractice actions. In their response (Docket Entry No. 43), Plaintiffs assert that they timely filed their administrative claims within the FTCA's applicable statute of limitations and timely filed this action after their administrative claims were denied.

For the reasons set forth below, the Court concludes that Plaintiffs' claims are not barred by Tennessee's medical malpractice statute of repose because the state statute of repose is preempted by the federal statute giving rise to Plaintiffs' claims and that statute expressly permits Plaintiffs to await a final agency decision before filing this action.

# I. ANALYSIS OF COMPLAINT

On or about October 8, 1999, Plaintiff Jennifer Jones called the Labor and Delivery department at Blanchfield Army Community Hospital ("BACH"), in Fort Campbell, Kentucky,[1] reporting unusual movement from her unborn baby. (Docket Entry No. 1, at ¶ 6). Defendant's employees instructed Jones "to lie on her side, drink some cold water, and come to the hospital the next morning if normal movement had not returned." Id. Jones decided not to wait until morning and went to the hospital that night. Id. Jones was then connected to a fetal heart monitor. Id. at ¶ 7.

Thereafter, Tysai Jones suffered "fetal distress incurring anoxic injury to his brain and body." Id. According to the complaint, Defendant's employees delayed the delivery of Tysai Jones until sometime after 10:00 a.m. the following morning and at the time of delivery, "Tysai Jones was in severe respiratory distress and required multiple intubations, blood transfusions, and transfer to Vanderbilt University Hospital." Id. at ¶¶ 7-8. Plaintiffs allege that Defendant's delay in recognizing the fetal distress and timely delivering Tysai Jones caused him to suffer severe physical and mental impairment as a result. Id. at ¶ 9.

Plaintiffs timely filed their claims in writing to the United States Department of Army. Id. at ¶ 5. The Army did not take any action for over six months, and Plaintiffs filed this action before this Court on October 20, 2009. Id. The Army subsequently denied Plaintiffs' claims on January 28, 2010. (Docket Entry No. 44, Attachment 1).

# II. CONCLUSIONS OF LAW

---

[1]The actual hospital is located in Tennessee. Id. at ¶¶ 4, 6.

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a claim for lack of subject matter jurisdiction that may consist of either a "facial attack" or a "factual attack." O'Bryan v. Holy See, 556 F.3d 361, 375 (6th Cir. 2009).

> "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." And, "[w]hen reviewing a facial attack, a district court takes the allegations in the complaint as true.... If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

Id. at 375-76 (citations omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). On a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. (citation omitted). "[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). The plaintiff bears the burden of proof that jurisdiction exists under 12(b)(1). RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996).

Defendant contends that the Court lacks subject matter jurisdiction because Plaintiffs' claims are barred by Tennessee's statute of repose applicable to medical malpractice actions. Plaintiffs argue that they timely filed their claims with the U.S. Army on February 2, 2001, that is within the FTCA's two-year statute of limitations from the date their claims accrued on October 8, 1999, and that the Army did not take final action until January 28, 2010. Plaintiffs assert that the filing of their administrative claims perfected their tort claims against the United States and the date of that filing

controls the determination of whether a private person in Tennessee would have been liable to plaintiffs under Tennessee law.

Under the FTCA, an injured person can file an action against the United States for the negligent acts or omissions of a government employee acting within the scope of his or her official duties. 28 U.S.C. §§ 2674 and 2679(b)(1). See also Ward v. United States, 838 F.2d 182, 184 (6th Cir. 1988); Hinson v. NASA, 14 F.3d 1143, 1147 (6th Cir. 1994). The FTCA provides that:

> civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA also provides that the United States "shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; Young v. United States, 71 F.3d 1238, 1244 (6th Cir. 1995) (The FTCA "is a limited waiver of immunity. The extent of that waiver (i.e. the United States' amenability to suit and substantive tort liability) is determined by analogizing the United States to a private actor in a similar situation under the appropriate state law.").

For tort claims, 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Id. Federal law determines when a claim accrues within the meaning of the two-year limitations period. Chomic v. United States, 377 F.3d 607, 610 (6th Cir.2004).

An agency's failure "to make final disposition of a claim within six months after [the claim] is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). The six-month period within which an action must be filed is tolled so long as the claim is not finally denied by the agency. Conn v. United States, 867 F.2d 916, 920 (6th Cir. 1989). The requirements in 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b) that an administrative claim be presented to the appropriate federal agency within the two-year statute of limitations as prerequisites to filing a civil action "are valid conditions under which suits may be maintained under the statute. These conditions are jurisdictional requirements, not capable of waiver or subject to estoppel." Garrett v. United States, 640 F.2d 24, 26 (6th Cir. 1981). "Courts are not at liberty to 'take it upon [them]selves to extend the waiver beyond that which Congress intended.'" Chomic, 377 F.3d at 615 (quoting United States v. Kubrick, 444 U.S. 111, 118 (1979)).

The FTCA applies the substantive state law where the alleged tort occurred Ward, 838 F.2d at 184. Here, the parties do not dispute that Tennessee substantive law governs the Plaintiffs' claims. For medical malpractice claims, Tennessee law provides a three-year statute of repose that "sets an absolute limit on the time in which a plaintiff may bring a medical malpractice action." Mills v. Wong, 155 S.W.3d 916, 920 (Tenn. 2005); Tenn. Code Ann. § 29-26-116(a)(3).[2] In Mills, the Tennessee Supreme Court stated:

> *In no event shall any* such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent

---

[2]Tenn. Code Ann. § 29-26-116(a)(4) provides that "[t]he time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body, in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered."

5

concealment on the part of the defendant[,] in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

Id. (citing Tenn. Code Ann. § 29–26–116(a)(3)) (emphasis in original).[3]

The Tennessee Supreme Court explained that "the emphasized language expresses a legislative intent to place an absolute three-year bar beyond which no medical malpractice right of action may survive." Id.; Calaway ex rel. Calaway v. Schucker, 193 S.W.3d 509, 516 (Tenn. 2005) ("The statute of repose itself—by its words '[i]n no event shall any such action be brought more than three years after the date on which the negligent act or omission occurred'—expresses a clear intent by the Legislature to absolutely limit to three years the time within which malpractice actions can be brought."). Thus, "[t]he running of the statute of repose . . . has a substantive effect." Id.

Distinguishing a statute of repose from a statute of limitations, the Tennessee Supreme Court has stated:

> [W]here the one-year statute of limitations governs the time within which legal proceedings may be commenced after a cause of action *accrues*, the three-year medical malpractice statute of repose limits the time within which an action may be *brought*, but it is entirely unrelated to the accrual of a cause of action and can, in fact, bar a cause of action before it has accrued. That distinction has prompted courts to hold that statutes of repose are substantive and extinguish both the right and the remedy, while statutes of limitation are merely procedural, extinguishing only the remedy.

Cronin v. Howe, 906 S.W.2d 910, 913 (Tenn. 1995) (emphasis in original) (citations omitted). The Tennessee Supreme Court has further elaborated, stating:

> Thus, a statute of repose typically-- does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action

---

[3]Tenn. Code Ann. § 29-26-116(a)(1), (2) provide that "[t]he statute of limitations in malpractice actions shall be one (1) year ...," except that "[i]n the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery."

6

> from ever arising.... The injured party literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law allows no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy.
>
> Rosenberg v. Town of North Bergen, 61 N.J. 190, 293 A.2d 662, 667 (1972) (emphasis in original). A statute of repose, however, does not always extinguish the cause of action before it accrues: "'Where the injury occurs within the [repose] period, and a claimant commences his ... action after the [repose] period has passed, an action accrues but is barred. Where the injury occurs outside the [repose] period, no substantive cause of action ever accrues, and a claimant's actions are likewise barred.'" Penley v. Honda Motor Co., 31 S.W.3d, 181, 184 (Tenn. 2000) (quoting Gillam v. Firestone Tire & Rubber Co., 241 Neb. 414, 489 N.W.2d 289, 291 (1992)). In short, "[s]tatutes of repose operate differently [from] ... statutes of limitation[s]" because statutes of repose impose "an *absolute time limit* within which action must be brought." Penley, 31 S.W.3d at 184 (emphasis added).

Calaway, 193 S.W.3d at 515.

Applying these principles, the Tennessee Supreme Court held that the medical malpractice statute of repose is not tolled during the minority of a plaintiff. Id. at 512 ("Giving effect to the plain language of the statute and finding no exception for minority among the two express exceptions in it—and cognizant of our constitutional role as interpreters, not makers, of the law—we hold that plaintiffs in their minority are bound by the three-year medical malpractice statute of repose."). Because the Calaway Court announced a new rule, the Court held that the new rule that a plaintiff's minority does not toll the medical malpractice statute of repose would apply prospectively to actions commenced after December 9, 2005. Id.

In dismissing a FTCA claim based upon a state's statute of repose, the district court in West v. United States, No. 08-646-GPM, 2010 WL 4781146 (S.D. Ill. Oct. 25, 2010) concluded:

> Because the government may only be liable to the same extent as any individual, and because the Illinois statute of repose for medical malpractice actions constitutes the substantive law of Illinois, the Court concludes that it applies in this case to extinguish West's claim for relief under the FTCA. The Court notes that, while the

United States Court of Appeals for the Seventh Circuit has not addressed the question of the applicability of state statutes of repose in FTCA cases, every sister federal court to have addressed the issue has found that state statutes of repose can extinguish FTCA claims. See Anderson v. United States, Civil No. CCB-08-3, 2010 WL 1346409, at ----3-4 (D.Md. Mar.30, 2010) (a Maryland statute of repose for medical malpractice claims extinguished an FTCA claim); Brown v. United States, 514 F. Supp.2d 146, 155-58 (D. Mass.2007) (a Massachusetts statute of repose for actions involving improvements to real property barred an action under the FTCA); Vega v. United States, 512 F.Supp.2d 853, 859-61 (W.D. Tex.2007) (a Texas statute of repose barred a negligent design claim against the government that was more than ten years old); Manion v. United States, No. CV-06-739-HU, 2006 WL 2990381, at ----2-9 (D.Or. Oct.18, 2006) (an FTCA claim was barred by an Oregon statute of repose for negligence claims); Estate of Elliott v. United States, 225 F.R.D. 688, 694-96 (N.D.Ga.2004) (applying a Georgia statute of repose for medical malpractice actions in a suit under the FTCA).

Id. at *5 (footnote omitted).[4]

More recently, in Simpkins v. United States, No. EDCV09-2265 (C.D. Cal. February 17, 2011) the district court dismissed a plaintiff's FTCA medical malpractice claim by applying Georgia's statute of repose to medical malpractice claims. (Docket Entry No. 50, Attachment 1). The district court stated:

While Plaintiff makes note of the fact that an administrative claim was pending from 2004 to 2009 and that Plaintiff was not aware of the statute of repose, such factors are not pertinent as the statute of ultimate repose is absolute. As such, unless an exception applies, Georgia law completely extinguishes Plaintiff's medical malpractice claim as the alleged wrongful act or omission occurred outside the prescribed five year period.

Id. at 4-5.

However, in Zander v. United States, No. AW-09-2649, 2011 WL 345884, at *5 (D. Md. Feb. 2, 2011), the district court reached a different conclusion, finding that the FTCA's statute of

---

[4]The Court notes that the West Court's reliance on Brown and Elliott is misleading as the statute of repose in those actions was applied to non-FTCA defendants while the government was dismissed on other grounds.

limitations preempted Maryland's statute of repose. In Zander, the plaintiff was injured on November 30, 2002, filed her administrative claims with the Navy and the Air Force on November 23, 2004 and November 30, 2004, respectively, received an administrative denial for her claim on April 8, 2009, and filed her complaint in federal court on October 8, 2009. Id. at *1-2. Under Maryland's 5-year statute of repose, the plaintiff was required to file her action by November 30, 2007. Id. at *5. Construing 28 U.S.C. § 2675(a), the court stated that "[w]hile the Court is aware that the 'deemed denied' provision of the FTCA potentially gives a plaintiff an infinite amount of time to file a suit against the Government, a strict construction of the statute leads to this result." Id. at *3. Thus, the court concluded that "[t]his provision essentially allows the Plaintiff to bring a claim at any time if he does not receive a response to his claim within six months after filing the claim with the appropriate administrative agency." Id. at *5. The court noted, however, that "when a case is deemed denied because of administrative inaction, the allowance for a plaintiff to file his case at 'any time' presents a potential conflict with a state's statute of repose." Id.

While recognizing that its district characterized Maryland's statute of repose as one of substantive law, the court concluded that "for the purpose of preemption, the fact that Maryland's statute of repose is substantive is immaterial." Id. at *4. The court cited Stonehedge/Fasa Texas JDC v. Miller, No. 96-10037, 1997 WL 119899, at *2 (5th Cir. Mar. 10, 1997) where the Court held, "'preemption does not turn on whether the state statute is 'procedural' or 'substantive.' Preemption is a question of congressional intent, and in the case of conflict preemption presented here, depends on whether there is a direct conflict between the federal and state law or the state law interferes with the regulatory scheme established by Congress.'" Id. In reaching its conclusion, the district court stated:

> The FTCA's statute of limitations . . . allows the plaintiff to file his claim at any time if the administrative agency fails to act on the claim within six months of filing the claim, while the Maryland statute of repose extinguishes the plaintiff's claim in this case, presenting a clear conflict. Defendant argues that, had Plaintiff chosen to exercise this option of going forward after the failure of the agency to make a final deposition of her claim within six months, she would have been able to comply with the substantive law of Maryland, giving her more than two years to bring suit against the United States in Federal District Court before the five year statute of repose for medical malpractice had run. While we agree that had Plaintiff chosen to file her claim within six months of receiving the administrative denial, she would have been in compliance with the Maryland statute of repose, we disagree with the Defendant that the statute of repose extinguishes Plaintiff's claim. Therefore, finding that the FTCA statute of limitations preempts Maryland's statute of repose, the Court accordingly finds that the Plaintiff can file a claim at any time after failing to receive a response within six months from the administrative agency with which she filed her claim.

Id. at *5 (footnote omitted).

In finding preemption, the Zander court cited four cases: Stonehedge/Fasa Texas JDC v. Miller, Wyatt v. Syrian Arab Republic, 398 F. Supp.2d 131, 143 (D.D.C.2005), A.S.I., Inc. v. Sanders, 835 F. Supp. 1349, 1358 (D. Kan.1993) and Holland v. Kitchekan Fuel Corp., 137 F. Supp.2d 681, 685 (S.D. W.Va. 2001). However, three of these cases involved the application of *federal substantive law to federal claims* and are not instructive as to claims asserted under the FTCA that requires the application of state substantive law. See Miller, 1997 WL 119899, at *2-3 (Texas's statute of limitations was in direct conflict with the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") 12 U.S.C. § 1821(d)(14), that provided preemption of state statutes of limitations); Sanders, 835 F. Supp. at 1358 (42 U.S.C. § 9658(a)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), provided that "In the case of any action brought under State law for personal injury, or property damages, which are caused or contributed to by exposure to any hazardous substance . . . if the applicable

limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute."); Holland, 137 F. Supp.2d at 685 (the Coal Industry Retiree Health Benefit Act of 1992 ("the Coal Act"), 26 U.S.C. § 9712 preempted two-year limitations period for suits against dissolved corporations).

In Wyatt, 398 F. Supp.2d at 142, the only case analogizing the FTCA, the court held that the Foreign Sovereign Immunities Act ("FSIA") preempted state *statutes of limitations* that would normally govern state claims. Comparing the FSIA to the FTCA, the court stated:

> The FTCA's two-year limitations period is a substantive part of the United States' waiver of immunity which preempts any applicable state limitations period. See, e.g., United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (describing the FTCA's statute of limitations as "a condition of that waiver"); Poindexter v. United States, 647 F.2d 34, 36 (9th Cir.1981). Courts have described the FTCA's limitations period as "jurisdictional" in the following unique sense:
>
>> [g]enerally speaking the time requirement prescribed by a statute granting the right to sue the United States or a state is construed as *a condition or qualification of the right*; such a provision is in other words jurisdictional rather than a mere statute of limitations.
>
> Simon v. United States, 244 F.2d 703, 705 (5th Cir.1957) (emphasis added) (quoting 34 Am.Jur. Limitation on Actions § 7 (1956)).

Id. at 143 (footnote omitted). The court concluded that FSIA had "the same preemptive effect on *state statute of limitations periods* as the FTCA's statute of limitations." Id. (emphasis added). Thus, the Wyatt opinion only addressed the preemption of state statutes of limitations.

The Court also notes that the Zander court acknowledged that the Fourth Circuit has not squarely addressed the issue of preemption, but that the Court in First United Methodist Church of

11

Hyattsville v. U.S. Gypsum Co._ 882 F.2d 862 (4th Cir. 1989) found CERCLA did not preempt Maryland's statute of repose when applied to private asbestos removal actions. 2011 WL 345884, at *4. The court distinguished First United Methodist, stating that the Fourth Circuit limited its holding to the facts and that the Court did not express an opinion "'as to the validity under CERCLA of any other genre of asbestos actions.'" Id. (citation omitted).

Plaintiffs contend that the filing of their administrative claims perfected their tort claims against the United States and the date of that filing controls the determination of whether a private person in Tennessee would have been liable to Plaintiffs under Tennessee law. Plaintiffs argue that applying a state's statute of repose would render the administrative claim process meaningless, ineffective, and inconsistent with the legislative intent behind the FTCA.

A civil action is not commenced until a party files a complaint with the clerk of court. Fed. R. Civ. P. 3. Yet, under the FTCA a claimant must file an administrative claim with the appropriate federal agency as a jurisdictional prerequisite to filing an action in federal court. Garrett, 640 F.2d at 26. The purpose of the FTCA's limitations statute "is to require the reasonably diligent presentation of tort claims against the Government." Kubrick, 444 U.S. at 123. In McNeil v. United States, 508 U.S. 106 (1993), the Supreme Court explained:

> Prior to 1966, FTCA claimants had the option of filing suit in federal court without first presenting their claims to the appropriate federal agency. Moreover, federal agencies had only limited authority to settle claims. See Federal Tort Claims Act of 1946, ch. 753, §§ 403(a), 420, 60 Stat. 843, 845. Because the vast majority of claims ultimately were settled before trial, the Department of Justice proposed that Congress amend the FTCA to "requir[e] all claims to be presented to the appropriate agency for consideration and possible settlement before a court action could be instituted. This procedure would make it possible for the claim first to be considered by the agency whose employee's activity allegedly caused the damage. That agency would have the best information concerning the activity which gave rise to the claim. Since it is the one directly concerned, it can be expected that claims which are found to be

> meritorious can be settled more quickly without the need for filing suit and possible expensive and time-consuming litigation." S.Rep. No. 1327, 89th Cong., 2d Sess., 3 (1966), U.S.Code Cong. & Admin.News 1966, pp. 2515, 2517.

Id. at 112 n.7.

Section 2401(b) specifically states that "[a] tort claim against the United States shall be *forever barred unless* it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless* action is begun within six months after the date of mailing . . . of notice of final denial of the claim. . . ." Thus, a claimant must meet both deadlines before filing a claim in federal court. Ellison v. United States, 531 F.3d 359, 362 (6th Cir. 2008) ("[A] claimant cannot receive a notice of denial-the trigger for the six-month limitations rule-until she has filed an administrative claim. The statute thus plainly contemplates that one act (the administrative filing) will precede the other (court filing) and thus most naturally requires claimants to satisfy both deadlines.").

Here, Plaintiffs did not receive a denial letter until after they filed their federal action. To be sure, Plaintiffs were allowed, under 28 U.S.C. § 2675(a), to file their action in federal court after the agency failed to make final disposition of their claims within six months after the claims were filed. Yet, Plaintiffs were not required to do so. Section 2675(a) only provides that, at the claimants' "option," claimants may deem their claim denied by the agency's failure to issue a denial letter within six months of filing their claim with the agency. Moreover, the phrase "at the option of the claimant any time thereafter," tolls the six-month period within which an action must be filed so long as the claim is not finally denied by the agency. Conn, 867 F.2d at 920. As the Sixth Circuit explained, "if experience should show that this interpretation gives claimants too much time in which to file an action in court, an amendment to the statute can easily remedy this problem." Id.

at 921; see also Taumby v. United States, 919 F.2d 69, 70 (8th Cir. 1990) (government conceding "that there is no time limit for the filing of an FTCA action when an administrative claim is deemed to be denied" and "that if the lack of a statutory time limitation for bringing suits in such cases poses a serious problem, it will seek legislative modification of the statute.").

Given the intent of the FTCA for claimants to first file their claims before the agency that would have the best information and based upon the statutory language allowing claimants' an indefinite period of time to file claims in federal court until a claim is denied, the Court concludes that the FTCA establishes the existence of a federal claim until an agency renders a ruling on the claim. A claimant's claim is extinguished only if the claimant fails to meet the deadlines in § 2401(b), and a state's statute of repose has no effect on the federal claim. By allowing Plaintiffs' claims to proceed will not treat the government in a different manner than a private individual under like circumstances because under the FTCA Plaintiffs were required to proceed through the administrative process and were not allowed to file first their claims in federal court.

Accordingly, for these reasons, the Court concludes that Defendant's motion to dismiss (Docket Entry No. 37) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 25th day of April, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge