# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JENNIFER JONES and OMAR JONES,  )
each individually and each on behalf  )
of TYSAI JONES, a minor child,  )
                                            )
        Plaintiffs,  )
                                              )
        v.  )      **No. 3:09-0986**
                                              )      **Judge Sharp**
UNITED STATES OF AMERICA,  )
                                              )
        Defendant.  )

## ORDER

Pending before the Court is Defendant United States of America's Motion to Reconsider (Docket No. 53) Judge Haynes' April 25, 2011 Order (Docket No. 52) which denied the Government's Motion to Dismiss (Docket No. 37). The Motion to Reconsider will be denied.

This is a medical malpractice action under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346, in which Plaintiffs allege the doctors and staff at Fort Campbell's Blanchfield Army Community Hospital were negligent in delaying the delivery of Tysai Jones, causing him to suffer severe physical and medical impairments. The alleged negligence occurred on or about October 8, 1999, but suit was not filed in this Court until October 20, 2009.

On January 1, 2011, the Government filed a Motion to Dismiss on the grounds that Plaintiffs' claims were barred by Tennessee's statute of repose applicable to medical malpractice actions. In response, Plaintiffs argued their Complaint was timely since they pursued an administrative claim against the Department of the Army as required by the FTCA, and the Army did not take final action on the claim until January 28, 2010, after the instant action was filed.

In a 14-page Memorandum which accompanied his Order, Judge Haynes discussed the FTCA, Tennessee's statutes of limitation and repose for medical malpractice actions, and the interplay between the FTCA and state statutes of repose. Ultimately, Judge Haynes concluded Plaintiffs' Complaint was timely because Plaintiffs were required by statute to file an administrative claim against the appropriate state agency, and, while they had the option to file a lawsuit within six months of the filing of that claim, their medical malpractice cause of action remained viable until the agency rendered a final ruling on the claim. Judge Haynes also opined that "allowing Plaintiffs' claims to proceed will not treat the government in a different manner than a private individual under like circumstances because under the FTCA Plaintiffs were required to proceed through the administrative process and were not allowed to file first their claims in federal court." (Docket No. 51 at 14).

The Government moves for reconsideration "in light of the opposite holding of the Fifth Circuit Court of Appeals in <u>Smith v. United States</u>, 2011 WL 1533432 (5th Cir. April 22, 2010)."[1] (Docket No. 53 at 1). However, <u>Smith</u>, is not controlling and, being an unpublished decision, is of limited precedential value, even within the Fifth Circuit. Moreover, <u>Smith</u> does not discuss any administrative proceedings, and is thus distinguishable from this case because the time spent pursuing administrative remedies was central to Judge Haynes' ruling.

Since the filing of its Motion to Reconsider, the Government, through two "Notices of Filing of Supplemental Authority" (Docket Nos. 57 & 58), has brought to the Court's attention two other decisions: <u>Huddleston v. United States</u>, 2011 WL 2489995 (M.D. Tenn. June 22, 2011) and <u>Logan</u>

---

[1] After the Motion to Reconsider was filed, the case was transferred to the undersigned as a part of the reallocation of cases among the active district judges.

Proffitt Irrevocable Trust v. Mathers, Case Nos. 2:09-cv-942 & 2:10-cv-142 (E.D. Tenn. Aug. 2011). In Huddleston, Chief Judge Campbell "[r]espectfully . . . disagree[d] with Jones" and found "that the statute of repose at issue is absolute," even where the claim is brought under the FTCA. In Logan Proffitt, Judge Mattice, of the Eastern District of Tennessee, likewise held that Tennessee's statute of repose imposed an absolute time limit within which a medical malpractice action must be brought. Those decisions, while worthy of due consideration, are also not controlling and, at most, show that two federal district judges sitting in Tennessee reached a decision different from that reached by Judge Haynes.

The undersigned is not writing on a *tabula rasa*, and proper deference must be given to the decision rendered by Judge Haynes since "the law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern,'" unless exceptional circumstances exist, such as where the earlier decision was plainly erroneous. Westside Mothers v. Olszewski, 454 F.3d 532, 548 (6th Cir. 2006). This salutary rule takes on an added layer where a case is transferred to a successor judge because while "a successor judge has the same discretion to reconsider an order as would the first judge," the successor judge "should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." In re Ford Motor Co., 591 F.3d 406, 411 (5th Cir. 2009). "The question of what circumstances justify revisiting a ruling previously made by a judge of coordinate jurisdiction is case specific," but guided by the following principles:

> First, reconsideration is proper if the initial ruling was made on an inadequate record or was designed to be preliminary or tentative. . . . Second, reconsideration may be warranted if there has been a material change in controlling law. . . . Third, reconsideration may be undertaken if newly discovered evidence bears on the question. . . . Lastly, reconsideration may be appropriate to avoid manifest injustice. . . . . In that regard, however, neither doubt about the correctness of a predecessor

judge's rulings nor a belief that the litigant may be able to make a more convincing argument the second time around will suffice to justify reconsideration. . . . For this purpose, there is a meaningful difference between an arguably erroneous ruling (which does not justify revisitation by a co-equal successor judge) and an unreasonable ruling that paves the way for a manifestly unjust result.

Ellis v. United States, 313 F.3d 636, 647 (1st Cir. 2002) (internal citations collecting numerous authorities from various circuits omitted).

The principles underlying reconsideration of another judge's ruling counsel against granting the Government's Motion to Reconsider in this case. Judge Haynes' ruling was neither preliminary nor tentative, and was based upon uncontested facts as they related to the statute of limitations and statute of repose questions. There has been no showing of any change in controlling law, or the existence of any new evidence which bears upon the limitations issue. Finally, the fact that Judges Campbell and Mattice reached a different conclusion about the FTCA and Tennessee law does not mean that Judge Haynes' ruling was unreasonable; rather, his Memorandum represented a reasoned and considered interpretation of conflicting authority.

Accordingly, the Government's Motion to Reconsider (Docket No. 53) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE