UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER JONES and OMAR JONES, each individually and each on behalf of TYSAI JONES, a minor child, Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | No. 3:09-0986 Judge Sharp |

# ORDER

After Judge Haynes denied the Government's Motion to Dismiss (Docket No. 37) and the case was subsequently transferred to the undersigned, the Government filed a Motion to Reconsider (Docket No. 53). The Court denied the motion because (1) proper deference was due Judge Haynes' ruling; (2) the cases upon which the Government relied were not controlling; and (3) those cases showed, at most, that judges could disagree on the application of statutes of repose to medical malpractices action under the Federal Tort Claims Act. In doing so, the Court summarized the parties' arguments and Judge Haynes' ruling as follows:

> On January 1, 2011, the Government filed a Motion to Dismiss on the grounds that Plaintiffs' claims were barred by Tennessee's statute of repose applicable to medical malpractice actions. In response, Plaintiffs argued their Complaint was timely since they pursued an administrative claim against the Department of the Army as required by the FTCA, and the Army did not take final action on the claim until January 28, 2010, after the instant action was filed.
>
> In a 14-page Memorandum which accompanied his Order, Judge Haynes discussed the FTCA, Tennessee's statutes of limitation and repose for medical malpractice actions, and the interplay between the FTCA and state statutes of repose. Ultimately, Judge Haynes concluded Plaintiffs' Complaint was timely because Plaintiffs were required by statute to file an administrative claim against the appropriate state agency, and, while they had the option to file a lawsuit within six months of the filing of that claim, their medical malpractice cause of action remained

viable until the agency rendered a final ruling on the claim. Judge Haynes also opined that "allowing Plaintiffs' claims to proceed will not treat the government in a different manner than a private individual under like circumstances because under the FTCA Plaintiffs were required to proceed through the administrative process and were not allowed to file first their claims in federal court." (Docket No. 51 at 14).

Jones v. United States, 789 F. Supp.2d 883, 893 (M.D. Tenn. 2011).

The Government has now filed a Second Motion to Reconsider (Docket No. 68) "in light of the recent Sixth Circuit opinion on the issue at hand in Huddleston v. United States, 2012 WL 1816261 (6th Cir. 2012)." (Id. at 1).

Huddleston is unpublished and is, therefore, "not binding precedent[.]" Crump v. Lafler, 657 F.3d 393, 405 (6th Cir. 2011) (collecting cases). Even though the reasoning of an unpublished decision may be "instructive or helpful," id., the panel in Huddleston specifically stated that it "need not decide whether [plaintiff] could bring suit if he had filed his administrative claim with the VA within three years because [plaintiff] did not, in fact, file his claim with the VA until December 2009, two months after the statute of repose extinguished his claim." Huddleston, 2012 WL 1816261 at *2. Here, Plaintiffs specifically allege that they timely filed an administrative claim with the United States Army (and within the statute of repose time requirements), and the Government does not argue otherwise.

Huddleston is inapposite and, accordingly, the Government's Second Motion to Reconsider (Docket No. 68) is hereby DENIED.

It is SO ORDERED.

*[signature: Kevin H. Sharp]*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

2