UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JENNIFER JONES and OMAR JONES,       )
individually and each on behalf      )
of T.J., a minor child,              )
                                     )
        Plaintiffs                   )
                                     )        No. 3:09-0986
v.                                   )        Magistrate Judge Bryant
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Defendant                    )

## ORDER APPROVING MINOR SETTLEMENT

Pending in this case are two motions: Motion to Reopen Case and Petition to Approve Settlement on Behalf of Minor (Docket Entry No. 96) and Second Motion to Reopen Case and First Amended Petition to Approve Settlement on Behalf of Minor (Docket Entry No. 97).

It appears to the Court that the second filed motion above is intended to supersede and replace the first motion. Accordingly, Plaintiffs' initial motion to reopen case and petition to approve settlement on behalf of minor (Docket Entry No. 96) is **DENIED** as moot.

For the reasons stated below, Plaintiffs' second motion to reopen case and first amended petition to approve settlement on behalf of minor (Docket Entry No. 97) is **GRANTED**.

## STATEMENT OF THE CASE

Plaintiffs Jennifer Jones and Omar Jones, individually and on behalf of their minor child, T.J., filed this action under the Federal Tort Claims Act, 28 U.S.C. § 1346, *et seq.*, alleging

that medical negligence on the part of agents of the United States at Blanchfield Army Community Hospital, Fort Campbell, Kentucky, caused severe injuries to Plaintiffs during the labor, delivery and subsequent birth of the minor Plaintiff, T.J., on October 9, 1999. Specifically, Plaintiffs allege that medical negligence by agents of the Defendant caused T.J. to suffer severe and permanent mental and physical impairments.

Defendant United States has denied liability.

Following conclusion of discovery, the undersigned Magistrate Judge conducted a judicial settlement conference in this case on December 5, 2013. Both Plaintiffs and Defendant submitted *ex parte* settlement statements to the undersigned containing candid assessments of the respective parties' strengths and weaknesses. The undersigned conducted private discussions with Plaintiffs and their counsel, and with representatives of the Defendant. Following good faith negotiations, the parties ultimately achieved an agreed compromise settlement, subject to Court approval of the settlement of the claim of the minor Plaintiff. As a result of the participation of the undersigned Magistrate Judge in the referenced settlement conference, the undersigned finds that a hearing on the pending motion for approval of the minor's settlement is unnecessary.

Following the settlement conference, and upon consent of the parties, the case was referred to the undersigned to conduct all further proceedings (Docket Entry No. 91).

**ANALYSIS**

This is a vigorously contested medical malpractice claim. Although the nature and extent of the injuries to the minor Plaintiff are largely undisputed, the issues of liability and causation are hotly contested. Both Plaintiffs and Defendant have disclosed expert witnesses on the issues of liability and causation, and the opinions of these experts are in direct conflict. Thus, a trial of this case would largely depend upon a weighing of the credibility of opposing expert opinions. In addition, there is in the case a currently unresolved legal issue concerning the application of the Tennessee statute of repose for medical negligence to causes of action arising under the FTCA. The undersigned finds that these factual and legal issues present material doubt about the outcome of this case if it were tried, and, therefore, considerable risk of adverse outcome to both sides. Under these circumstances, it is in the interests of all parties to resolve this case by compromise settlement.

The undersigned has reviewed the stipulation for compromise settlement and release of Federal Tort Claims Act claims pursuant to 28 U.S.C. § 2677 (Docket Entry 97-1) and finds the terms and conditions stated in this stipulation to be fair and reasonable under the circumstances, and in the best interests of

the minor Plaintiff, T.J. The undersigned finds that since annuity payments for the benefit of the minor Plaintiff shall be paid to a special needs trust for his benefit, there is no need to appoint a guardian for the minor Plaintiff. The undersigned further finds that the payment of attorneys' fees and costs described in the stipulation is fair and reasonable, and consistent with 28 U.S.C. § 2678. In summary, the undersigned Magistrate Judge **APPROVES** the terms and conditions of this settlement of the minor Plaintiff's claim in all respects.

For the reasons stated above, Plaintiffs' second motion to reopen case is hereby **GRANTED** and Plaintiffs' first amended motion to approve settlement on behalf of minor (Docket Entry No. 97) is **GRANTED** as well.

In view of the settlement of all claims, this action is hereby **DISMISSED** with prejudice, and this order shall constitute the final order in this case.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge